STATE OF NORTH DAKOTA EX REL. EUGENE FRIEND
and Mervin Marks, Co-partners, as Friend & Marks; Samuel Spitz
& Sons, a Corporation; Adolph Gibberman and Jacob Gibberman,
as Surviving Partners of Samuel Adelman; Adolph Gibberman
and Jacob Gibberman, Co-partners as Sam Adelman & Company,
Petitioners, v. THE DISTRICT COURT OF THE FIFTH
JUDICIAL DISTRICT IN AND FOR THE COUNTY OF
WARD AND STATE OF NORTH DAKOTA, and John C.
Lowe, as Judge of Said Court, and Milton Ochs, a Foreign Cor-
poration, Respondents.

(215 N. W. 87.)

**Courts — proceedings as to insolvent estate — supreme court will stay —
pending bankruptcy proceedings in United States court.**

Where a district court of this state has assumed jurisdiction over the estate
of an alleged insolvent debtor, and thereafter proceedings have been commenced
in the district court of the United States under the National Bankruptcy Law
to have such debtor declared a bankrupt, and while such proceedings are pend-
ing in the district court of the United States the state district court continues
to adjudicate claims, authorize expenditures and otherwise administer said es-
tate, the supreme court of this state, under the powers conferred upon it under
the provisions of § 86 of the Constitution, will intervene to stay the proceedings
in the district court of this state, pending the determination of the bankruptcy
proceedings, in order to avoid possible conflict of jurisdiction.

Opinion filed August 18, 1927.

Courts, 15 C. J. § 535 p. 1105 n. 85.

Application for restraining order granted.
*Paul Campbell,* for petitioners.
*G. W. Twiford* and *F. J. Funke,* for respondents.

Burr, J. The petitioners come into this court asking for an order
directing the respondents to desist from further proceedings and actions
in the case of Milton Ochs, etc., v. Gerding-Beckman, Inc., a corpora-
tion, until the question of the bankruptcy of the said Gerding-Beckman,
Inc., be determined by the district court of the United States for the dis-
55 N. Dak.—41.

trict of North Dakota. The application made to this court is one strand of a tangled mass of litigation pending in the district court of Ward county. We do not undertake to determine the merits of the other controversies which have arisen, but confine ourselves to that phase which suggests a possible conflict between the district court of the United States for the district of North Dakota and the district court of Ward county.

It appears that in November 24, 1926, the respondent Milton Ochs commenced action in the district court of Ward county against Gordon Clothing Company, a corporation, defendant with garnishment proceedings against Gerding-Beckman, Inc., a corporation; the garnishee failed to make a disclosure within the time provided by statute and thereafter applied to be relieved from the judgment which was entered against it by default; judgment was rendered against the Gordon Clothing Company by default and thereafter proceedings were commenced to have these default judgments set aside; delay ensued and dispute arose between various stockholders in the Gerding-Beckman, Inc., corporation; a creditors committee was appointed for the latter corporation and the control of the assets of such corporation and its business turned over to the board of directors of this committee; and that thereafter some of these stockholders, claiming to act for the Gerding-Beckman Inc., corporation, stipulated to dismiss all proceedings to set aside the default judgments, so execution could be issued against Gordon Clothing Company and the garnishee; thereafter the defendant Milton Ochs, a foreign corporation, commenced an action against the Gerding-Beckman, Inc., corporation to have its property sequestered and a receiver appointed, and its assets distributed to its creditors; the district court of Ward county appointed such receiver and the receiver took possession of all the property and was empowered to settle and compound claims, operate the business, sell and dispose of the assets and distribute the property among the creditors; thereafter and within four months the petitioners filed a petition in bankruptcy in the district court of the United States for the district of North Dakota asking that the said Gerding-Beckman, Inc., corporation be adjudged a bankrupt and such proceedings are now pending in the federal court and are undetermined; two answers were filed on behalf of the Gerding-Beckman, Inc., corporation by the rival and antagonistic

factions in the federal court in the bankruptcy proceedings—one admitting the bankruptcy and the other denying it; the petitioners applied to the district court of the United States for an injunction restraining the defendant Ochs and the said receiver from proceeding further in selling and disposing of the assets and property and thereafter stipulation was entered into to the effect "that there will be no distribution or other disposition of any of the properties of said sale until the determination of a trustee herein, if any there be;" and thereupon the injunction was dissolved. The petitioners further allege that the respondents are proceeding with the receivership, have issued notice to creditors to file claims and are proceeding to pass upon and allow all claims for expenses and fees incurred in the administration of said estate; and that the said court is continuing to exercise jurisdiction over the property of the Gerding-Beckman, Inc., corporation under the receivership. This court issued an order directed to the respondents requiring them to show cause why an order should not be made requiring the district court of Ward county to stay any and all proceedings in said matter until the question of the bankrupty of Gerding-Beckman, Inc., corporation be determined by the district court of the United States and restraining them from taking any further action or proceeding in the matter now pending in the district court of Ward county.

Each respondent filed a return and these returns admit that the district court of Ward county has issued and caused to be published a notice to all of the creditors of the Gerding-Beckman, Inc., corporation to the effect that the receiver has filed a report showing his receipts from the sale of property of the said corporation in the sum of over $10,000, showing expenses including his fees and the allowance to his attorney, and notified said creditors that the court would "pass upon and allow any and all claims for expenses and fees incurred in the administration of said estate, consider and determine what should be done relative to collections and disputes on outstanding accounts, consider and determine what action should be taken by the receiver with reference to the collection of damages for fraud, as claimed by the stockholders of the corporation, and consider and determine any and all other matters of business that may properly come before a creditors' meeting of said Gerding-Beckman, Inc., corporation;" and further notifying said

creditors "that all claims of creditors should forthwith be filed with Harry N. Lewis, receiver of this court."

In the foregoing statement of facts we have set forth what we consider essential for the action of this court. The petition filed makes certain allegations which may be considered a reflection upon the action of the district court of Ward county, and we do not in any way or in any manner pass upon the truth of the allegations nor consider for a moment any of the charges so far as they may appear to reflect upon the district court. From the petition and the return filed by each respondent it is apparent that the district court is proceeding with the receivership; and it is equally clear that the question of the bankruptcy of Gerding-Beckman, Inc., has not been determined by the district court of the United States for the district of North Dakota. It is further apparent from the returns that the district court for Ward county intends to proceed in accordance with the notice issued to the creditors. If the petition in bankruptcy be dismissed it will be because the district court of the United States finds the Gerding-Beckman, Inc., corporation is not insolvent and in that case there will be no court succeeding to the jurisdiction of the district court of Ward county. If the Gerding-Beckman, Inc., corporation be declared a bankrupt then it is quite clear there is probability of conflict of authority in the matter of determining the amount of claims and the costs and expenses as well as the probability of unnecessary and unwarranted dissipation of the assets of the corporation, for in that case the jurisdiction is successive and not concurrent. Re Watts, 190 U. S. 1, 30, 47 L. ed. 933, 943, 23 Sup. Ct. Rep. 718, 14 Am. Crim. Rep. 48. The district court of Ward county, in the returns, says, "It has been the intention of this court at all times to retain said estate, other than such actual expenses of the receiver, intact for the benefit of general creditors until such time as the Federal court may determine the question of bankruptcy." And it says further that it "has never threatened or intended to pay out any moneys in the receiver's hands or permit the receiver so to do excepting the actual expense of such receiver." The court does say in effect that it intends to proceed with the business of the corporation along lines indicated by the notice to creditors and to allow or disallow claims but not to pay claims.

It is the claim of petitioners that the action of the Gerding-Beckman,

Inc., corporation in having a creditors' committee appointed and property turned over to a Board of Directors was in itself an act of insolvency and that the showing made shows insolvency. The rival faction among the stockholders claims that this agreement to turn the property over to a creditors' committee was obtained by fraud, that the agreement has not been carried out and they desire to have the same set aside. We are not concerned with the merits of this part of the controversy. The Federal court will determine whether or not these things were acts of bankruptcy and if they were "then the operation of the bankruptcy laws of the United States cannot be defeated by insolvent commercial corporations applying to be wound up under state statutes. The bankruptcy law is paramount and the jurisdiction of the Federal courts in bankruptcy, when properly invoked, in the administration of the affairs of insolvent persons and corporations, is essentially exclusive." We are assuming that the receiver appointed by the District Court was properly appointed and we recognize the general rule that as between courts which have concurrent jurisdictions property in the possession of a receiver appointed by one court cannot rightfully be taken from him without the consent of the court. There is no attempt to do this in the present proceedings. This general rule must be modified in the case at bar, however, because it can scarcely be said the courts have concurrent jurisdiction. Stacy v. McNicholas, 76 Or. 167, 144 Pac. 96, 148 Pac. 72. As we have already pointed out the jurisdiction of the bankruptcy court is successive and not concurrent. In order to avoid collision in respect to property sought to be administered by state courts and Federal courts care must be taken to see that the state courts do nothing to infringe the jurisdiction of the Federal courts. There can be no question but what if the Federal court adjudicates the Gerding-Beckman, Inc., corporation, a bankrupt and appoints a receiver the state court would order its receiver to surrender the property to the Federal receiver at once. It is perfectly proper for the receiver to hold possession of the property until this adjudication, particularly as the Federal court, in pursuance of the stipulation, has dissolved its injunction. Comity requires that the property be held in statu quo so far as possible, until the bankruptcy matters be determined. It is apparent that owing to the nature of the business rents must be paid and other expenses incurred. There can be no objection to the receiver

under direction of the district court paying the necessary, legitimate, and actual expenses, but it is entirely unnecessary to adjudicate claims, allow the fees and other expense of the receiver or to do anything more than what is absolutely necessary to preserve the estate and its assets. There can be no question but what "jurisdiction of the Federal courts over the administration of insolvent estates is exclusive and supreme when once invoked." Re Watts, supra.

The respondents claim they are acting under the inherent powers of the district court to appoint receivers; that if petitioners are injured they may appeal; that until the bankruptcy court asserts its jurisdiction, and appoints a receiver and takes possession of the property no creditor can complain; and that the contemplated proceedings are irregular. The petitioners say these proceedings are under the insolvency laws of the state and that this court has such general supervisory powers over the inferior courts as justify the order sought.

That Judge Miller of the Federal court had in mind the possibility of conflict is apparent from his courteous reply to the letter of the state judge. In his letter, made a part of the respondent's return, Judge Miller says regarding claims, "with reference to the payment of claims, as to which court should allow such claims I would think the better way to determine that would be when the matter came up properly on a motion or request of some kind for the payment. There might not be any objection to either court and yet there might be."

This court under the constitutional powers vested in it, giving it general superintending control over all of the inferior courts, has the right when the remedy by appeal is inadequate to direct the lower court to refrain from further proceedings in this matter until the question of bankruptcy is adjudicated in order to prevent unseemly and unnecessary conflict between two jurisdictions, and to prevent possible unnecessary dissipation of the assets of the alleged bankrupt. Const. § 86. See State ex rel. Lemke v. District Ct. 49 N. D. 27, 186 N. W. 381.

We are of the opinion that the respondents should be restrained from proceeding further in such receivership in the matter of notice to creditors and allowance of claims and from making distribution of money or other disposition of any of the proceeds of the sale of the Gerding-Beckman, Inc., corporation property, and from paying out the assets of the said corporation for fees to the receiver and his counsel as indicated

in the notice to creditors and other debts and expenses such as are absolutely necessary to maintain the estate until the matter of the bankruptcy be determined by the Federal court. Of course, such expenses as the monthly rent and the wages of the clerks must be paid in order to protect the business. If the parties interested cannot agree on these items then the district court may determine what is the necessary expense in such particulars, in harmony with this decision. No costs to either party.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.